IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TONY B. ROBINSON,**

    **Petitioner,**

**vs.**

                                       **CASE NO. 4:07cv1-MP/WCS**

**JAMES McDONOUGH,**

    **Respondent.**

                                     /

## REPORT AND RECOMMENDATION

This is an amended petition for writ of habeas corpus filed by Tony B. Robinson pursuant to 28 U.S.C. § 2254. Doc. 9. Petitioner challenges his conviction for aggravated stalking in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida, case number 04-605 CFA. Respondent filed a response, doc. 17, docketed as a motion to dismiss, doc. 18, with portions of the record,[1] and Petitioner filed a reply, doc. 19.

---

[1] The record was filed electronically as document 17-2; that is, the exhibits were electronically scanned and a digital image is available for viewing by computer. The electronic docket assigns page numbers. A paper copy of the record, with exhibits A through G, was served upon Petitioner.

The motion to dismiss argues that the petition was not timely filed. There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[2] The limitations period is tolled for "[t]he time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." § 2244(d)(2).

The judgment and sentence at issue here was entered on October 6, 2004. Doc. 17, Ex. B; doc. 17-2, p. 7, on the electronic docket. Petitioner did not appeal. On September 20, 2005, Petitioner's term of community control was revoked and he was sentenced to five years in prison. *Id.*, Exs. E and F; doc. 17-2, pp. 23-25, 30. Petitioner did not appeal this judgment either.

---

[2] The period runs from the latest of these dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D).  Only subparagraph (A) is at issue here.

Petitioner filed a Rule 3.850 motion on January 11, 2006, the date that the motion was submitted to prison officials for mailing. Doc. 17, Ex. F; doc. 17-2, p. 32. Petitioner appealed the denial of that motion. The First District Court of Appeal affirmed. Robinson v. McDonough, 944 So. 2d 355 (Fla. 1st DCA 2006). Respondent represents that the mandate issued on December 19, 2006, citing Exhibit G. Doc. 17, p. 5. Exhibit G was not filed and it is not a part of document 17-2 on the electronic docket. However, the online electronic docket of the First District Court of Appeal indicates that rehearing was denied on December 12, 2006. Either date is sufficient for this court's analysis of this motion to dismiss. Petitioner submitted this § 2254 petition shortly thereafter, on December 29, 2006. Doc. 1, p. 10 (date signed and submitted for mailing).

Respondent's motion to dismiss cites Rainey v. Secretary, Department of Corrections, 443 F.3d 1323 (11th Cir. 2006), arguing that the one year period began when the original criminal judgment became final, in late 2004. It did, but when the sentence of community control in the same criminal case was revoked and a new sentence imposed, the one year began again. Rainey was overruled in Ferreira v. Secretary, Department of Corrections, 494 F.3d 1286, 1293 (11th Cir. 2007), decided on August 7, 2007, after the motion to dismiss was filed. The case had been remanded from the Supreme Court for further consideration in light of Burton v. Stewart, 549 U.S. \_\_, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).[3] See 494 F.3d at 1287-88. In Ferreira, the

---

[3] In Burton, a § 2254 petition had been filed challenging the petitioner's 1994 conviction, then later (after exhausting remedies following resentencing) the petitioner filed a petition challenging his 1998 resentencing. Burton, 127 S.Ct. at 795-796. The Court found this was an unauthorized second or successive petition over which the

petitioner's Florida conviction had been affirmed, state post conviction relief was denied, and the one year for filing a § 2254 petition expired on June 2, 2002. *Id.*, at 1289. The petitioner thereafter filed another post conviction motion in state court, which resulted in his resentencing. *Id.* After the corrected sentence became final, the petitioner filed a § 2254 petition which included claims going only to the original conviction and not the resentencing. *Id.*

After reviewing Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003), Rainey,[4] and Burton, the court found:

> [T]he statute of limitations is triggered by the date the judgment, which is based on Ferreira's conviction and the sentence he is serving, becomes final. When Ferreira filed his petition in the district court on June 10, 2003, he was "in custody pursuant to" the 2003 judgment, which was based on the December 10, 1997 conviction and the April 14, 2003 sentence. 28 U.S.C. §§ 2254(a), 2244(d). Therefore, the April 14, 2003 judgment that imprisoned Ferreira controls the statute of limitations for this petition because the period begins to run when both the conviction *and* sentence are final.

---

district court lacked jurisdiction. The time limit was discussed in rejecting Petitioner Burton's argument that, had he not filed his § 2254 petition until remedies were exhausted regarding the resentencing, his challenges to the underlying conviction would have been time barred. 127 S.Ct. at 798. The Court said the sentence is the judgment, and "Burton's limitations period did not begin until both his conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review' – which occurred well after Burton filed his [initial] petition." *Id.*, at 798-799.

[4] In Walker, the court held that the court looks at the § 2254 application as a whole to determine timeliness, so that challenges to a resentencing made along with challenges to the underlying conviction (which would otherwise be time barred) were all part of a timely application. Ferreira, 494 F.3d at 1289-90 (discussing Walker, 341 F.3d at 1241-47). In Rainey, there had been a resentencing, but the claims raised under § 2254 challenged only the underlying conviction so the petition was deemed untimely. 494 F.3d at 1290-91 (discussing Rainey, 443 F.3d at 1325-29).

494 F.3d at 1291-93.  "What this Court has previously called the judgment of conviction and the sentencing judgment together form the judgment that imprisons the petitioner." *Id.*, at 1293.

As recently noted in this district, "the potential implication of the holding in Ferreira is that any alteration to a defendant's original sentence, including the granting of a Rule 35 motion, even years later, could essentially 're-start' the AEDPA limitations period, re-opening the original conviction and sentence to collateral attack."  United States v. Murphy, 3:03cr147-RV, doc. 25 (order of October 22, 2007, granting a certificate of appealability on whether the granting of a FED. R. CRIM. P. 35 motion constitutes a resentencing for purposes of restarting the one year period to file a 28 U.S.C. § 2255 motion) (also available on Westlaw, 2007 WL 3072411).

The same day that the *Ferreira* opinion was entered, a different panel issued the opinion in Mattern v. Secretary for the Department of Corrections, 494 F.3d 1282 (11th Cir. 2007).  In Mattern, the petitioner had been sentenced to probation for battery, and subsequently sentenced upon revocation of probation.  He contended that the sentence on revocation was improper because he originally pleaded guilty to simple battery rather than aggravated battery.  The court said that if the time was triggered from the date of the original judgment under § 2244(d)(1)(A), then the petition was untimely.  *Id.*, at 1286.  As Petitioner claimed he did not know the factual predicate of his challenge to that judgment until the probation revocation, however, an evidentiary hearing was necessary to determine whether the later date would trigger the one year period under § 2244(d)(1)(D).  *Id.*  Mattern was not before the court on remand in light of Burton, however, and the court did not consider whether the judgment could have become final

after sentencing on revocation. Indeed, the district court had found the petition was moot, and specifically declined to address the timeliness issue. *Id.*, at 1284-85 and n. 4. It therefore appears that Ferreira controls.

Under the rationale of Ferreira, Petitioner is "in custody pursuant to" the original conviction and the judgment revoking community control and imposing a 5 year prison sentence. Consequently, his petition in this court was timely filed.

**Recommendation**

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss, docs. 17 and 18, be **DENIED** and that Respondent be required to file an answer within **30 DAYS** of the entry of the order adopting this recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on November 19, 2007.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**