**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TONY BERNARD ROBINSON,**

    **Petitioner,**

vs.

                               **CASE NO. 4:07cv1-MP/WCS**

**WALTER A. McNEIL,**[1]

    **Respondent.**

                              /

**SECOND REPORT AND RECOMMENDATION**

This is an amended petition for writ of habeas corpus filed by Tony Bernard Robinson pursuant to 28 U.S.C. § 2254. Doc. 9. Petitioner challenges his conviction for aggravated stalking in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida, case number 04-605 CFA. Respondent initially filed a motion to dismiss, arguing that the petition was not timely filed. Doc. 18. That motion was denied. Docs. 20 (first report and recommendation) and 21 (order adopting).

---

[1] Walter A. McNeil succeeded James McDonough as Secretary for the Department of Corrections, and is automatically substituted as Respondent. FED. R. CIV. P. 25(d).

Respondent filed an answer, doc. 25, and Petitioner filed a traverse, doc. 26. This report and recommendation addresses the merits of Petitioner's two claims.

**State Procedural History**

The judgment and sentence at issue here was entered on October 6, 2004. Doc. 17, Ex. B; doc. 17-2, p. 7, on the electronic docket. Petitioner did not appeal. On September 20, 2005, Petitioner's term of community control was revoked and he was sentenced to five years in prison. *Id.*, Exs. E and F; doc. 17-2, pp. 23-25, 30. Petitioner did not appeal this judgment either.

Petitioner filed a Rule 3.850 motion on January 11, 2006, the date that the motion was submitted to prison officials for mailing. Doc. 17, Ex. F; doc. 17-2, p. 32. Petitioner appealed the denial of that motion. The First District Court of Appeal affirmed. Robinson v. McDonough, 944 So. 2d 355 (Fla. 1st DCA 2006).

**Section 2254 Standard of Review**

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*citing* Picard).

If a claim was not fairly presented but is procedurally barred from further state court review,[2] Petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person.  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).

For claims that were properly exhausted and adjudicated in state court, this court's review is limited.  "[A] determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Bui v. Haley, 321 F.3d 1304, 1322 (11th Cir. 2003) (citing the statute, footnote omitted). Moreover, as to a factual issue adjudicated by the state court, Petitioner must show that the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d)(2); 321 F.3d at 1322 (citing the statute).  Section 2254(d)(2) is satisfied "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record."  Lomholt v. Iowa, 327 F.3d 748 , 752 (8th Cir. 2003) (citing § 2254(e)(1), other citation omitted).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was

---

[2] Procedurally defaulted claims are considered technically exhausted because state court remedies no longer remain "available."  The court therefore refers to "fairly presented" claims as having been *properly* exhausted, to distinguish them from claims exhausted by procedural default.  See O'Sullivan, 526 U.S. at 848, 119 S.Ct. at 1734.

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. <u>Hawkins v. Alabama</u>, 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted); <u>Carey v. Musladin</u>, 549 U.S. __, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. <u>Williams v. Taylor</u>, 529 U.S. 362, 404-406, 120 S.Ct. 1495, 1519-1520, 146 L.Ed.2d 389 (2000); <u>Bell v. Cone</u>, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002) (citing <u>Williams</u>).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

<u>Williams v. Taylor</u>, 529 U.S. at 412-413, 120 S.Ct. at 1523; 535 U.S. at 694, 122 S.Ct. at 1850. *See also*, <u>Panetti v. Quarterman</u>, __ U.S. __, 127 S.Ct. 2842, 2858-2859, 168 L.Ed.2d 662 (2007) (discussing the unreasonable application standard) (citing <u>Williams</u>, other citations omitted).

"Avoiding these pitfalls [described in <u>Williams v. Taylor</u>] does not require citation of our cases – indeed, it does not even require *awareness* of our cases, so long as

neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (emphasis in original).  Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it."  Holland v. Jackson, 542 U.S. 649, 652, 124 S.Ct. 2736, 2738, 159 L.Ed.2d 683 (2004).

The basic law governing ineffective assistance of counsel claims was clearly established in Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984).  Williams, 529 U.S. at 405-406, 120 S.Ct. at 1519-1520; Bell, 535 U.S. at 694-695, 122 S.Ct. at 1850.  Under the two part test of Strickland, Petitioner must demonstrate both deficient performance and prejudice to the outcome.

To establish deficient performance, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  In reviewing the claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  "[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take."  Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc), *cert. denied,* 531 U.S. 1204 (2001).  *See also* Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citing Chandler).  There are no rigid requirements or absolute duty to investigate a particular defense.  Fugate v. Head, 261 F.3d at 1217*.*

> Indeed, "[c]onsidering the realities of the courtroom, more is not always better. Stacking defenses can hurt a case. Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others."

*Id.*

For prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068.

In the context of a guilty plea, the first part of the Strickland test is the same, but "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); Gordon v. United States, 496 F.3d 1270, 1277 (11th Cir. 2007), *quoting*, Hill.

The "prejudice" inquiry in the context of a guilty plea "will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." Hill, 474 U.S. at 59, 106 S.Ct. at 370. In other words, the question of whether a defendant would have insisted upon going to trial had attorney error not occurred with respect to the guilty plea will turn in large part upon whether the defendant might reasonably have achieved a more favorable outcome had he gone to trial. United States v. Rosario, 902 F.2d 55, 58 (D.C. Cir.), *cert. denied*, 498 U.S. 942 (1990).

> For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether

> the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. *See, e.g., Evans v. Meyer*, 742 F.2d 371, 375 (CA7 1984) ("It is inconceivable to us . . . that [the defendant] would have gone to trial on a defense of intoxication, or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received").

Hill, 474 U.S. at 59, 106 S.Ct. at 370-371.

Although Strickland explained the performance and prejudice prongs of analysis, "there is no reason . . . to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697, 104 S.Ct. at 2069. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

A state court's adjudication of an ineffective assistance claim does not satisfy the "contrary to" language of § 2254(d)(1) even if this court might have applied Strickland differently. Williams, 529 U.S. at 406, 120 S.Ct. at 1520; Bell, 535 U.S. at 698, 122 S.Ct. at 1852. To determine whether the state court's adjudication was an "unreasonable application" of Strickland, Petitioner "must do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance . . . . Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." Bell, 535 U.S. at 698-699, 122

S.Ct. at 1852 (*citing* Williams).  "[T]he most important point is that an *unreasonable* application of federal law is different from an *incorrect* application of federal law." Williams v. Taylor, 529 U.S. at 410, 120 S.Ct. at 1522.

**Ground One**

Petitioner asserts that he repeatedly told his attorney that he was not guilty of the charge of aggravated stalking.  Doc. 9, p. 4.  He asserts that his attorney "denied me my constitutional right to be heard, by persistently demanding that I accept a suspended sentence plea which she herself drafted."  *Id.*, p. 5.  He contends that he would not have entered his plea, but would have gone to trial and testified on his own behalf, had his attorney not provided inadequate assistance.  *Id.*, pp. 5-6.

> The trial court's order denying this claim is the following:
>
> Defendant Tony Robinson seeks post conviction relief pursuant to Rule 3.850.  He claims the plea he entered and the plea agreement he negotiated and signed on October 6, 2004 were not free and voluntary.  He is not entitled to post conviction relief.
>
> This is precisely the same claim he made ore tenus after he was arrested on a violation of community control warrant.  This court ordered a transcript of the plea hearing conducted by Judge Gary on October 6, 2004; and conducted a hearing on his ore tenus motion to withdraw his plea as not freely and voluntarily entered on September 9, 2005.
>
> Similarly, he argued that he did not understand the meaning of "suspended sentence" when he entered his plea.  The transcript of the plea colloquy hearing absolutely refuted this contention and his motion to set aside this plea was denied.  Importantly, no appeal was taken to challenge this ruling.  This motion is a re-hash of that issue and is no longer cognizable in the guise of a 3.850 motion.
>
> His contention that his lawyer was deficient for not explaining the meaning and import of a suspended sentence is belied by the explanation he gave Judge Gary. (See pages 5-6 of the October 6, 2004 transcript)

Doc. 25, Ex. I, R. 34; doc. 25-2 on the electronic docket, p. 113. Since the state court found the claim "no longer cognizable in the guise of a 3.850 motion" because no appeal had been taken of the denial of the motion to withdraw the plea, Respondent argues that the state court properly determined that the claim was procedurally defaulted in the state court system. Doc. 25, p. 8.

A hearing was held on September 9, 2005, on Petitioner's motion to withdraw his plea, shortly before his term of community control was revoked. Doc. 25, p. 52. Petitioner was represented by a lawyer. The circuit judge began the hearing by stating that he had reviewed the transcript of the plea colloquy. *Id.*, p. 53. He said that he wanted to read from the plea colloquy to explain why he planned to deny the motion "unless there's any other evidence." *Id.* He said:

> On page five of the transcript in the plea colloquy Judge Gary asked him are you satisfied with the deal – with that deal and Ms. Hall's representation of you? And he answers, yes, sir. Judge Gary says do you feel it's in your best interest that you enter this plea? The defendant says yes. Judge Gary Asks him relevantly do you know what suspended is, sir? Defendant says, yes, sir. Court says, what is it? And Mr. Robinson says if I violate any of the conditions of supervision then I can receive that sentence. Judge Gary presciently says, that's as good an explanation as I've ever heard. And then he goes on talking about that he's done it freely, voluntarily and so forth and so on.

*Id.*, pp. 53-54. The court said: "So it seems to me he had a very good understanding of what the suspended sentence was." *Id.*, p. 54. The court invited counsel to present other evidence. *Id.*

At that point, Petitioner said that he had been in prison in 1992, and he said that in 1999, he was diagnosed with a mental disorder. *Id.* He said he had been prescribed

Paxil,[3] Celexa,[4] Prozac, and Haldol,[5] and was currently taking Haldol and Sinequan,[6] all anti-psychotic and anti-depressant medications. *Id.* He said that at the time of his plea, his "mental capacity was so impaired by severe crack cocaine and alcohol abuse that I could not understand the consequences of the plea or the sentence." *Id.*, pp. 54-55.

The court asked Petitioner whether he had used crack cocaine at the jail or before he was arrested, and Petitioner said it was before he was arrested. *Id.*, p. 55. The court then noted that Petitioner had been in jail 139 days before the plea, inferring that he could not still be mentally impaired by crack cocaine or alcohol. *Id.* The court concluded that Petitioner "answered appropriately to all the questions, the series of questions that the judge is required to ask him." *Id.*, p. 55. He noted that Petitioner's lawyer had talked with him for a significant time before the plea, and did not report any problems arising from psychological problems, and Judge Gary did not perceive any mental problems either. *Id.* The motion to withdraw the plea was denied. *Id.*

At the plea colloquy before Judge Gary on October 6, 2004, the prosecutor announced that Petitioner wished to enter a no contest plea to aggravated stalking in

---

[3] Paxil can be prescribed for serious, continuing depression. Paxil is also used to treat obsessive-compulsive disorder (OCD), panic disorder, generalized anxiety disorder, social anxiety disorder, and post-traumatic stress disorder. PDRhealth™, PHYSICIANS DESKTOP REFERENCE found at < http://www.pdrhealth.com/drugs/drugs-index.aspx >

[4] Celexa is a serotonin reuptake inhibitor used for depression. PHYSICIANS' DESK REFERENCE (2004), p. 1292-1293, available on WestLaw.

[5] Haldol is indicated for the treatment of schizophrenic patients who require parenteral antispychotic therapy. PHYSICIANS' DESK REFERENCE (2005).

[6] Sinequan is used to treat depression and anxiety. PHYSICIANS' DESK REFERENCE (2004), p. 2636.

Case No. 4:07cv1-MP/WCS

exchange for a sentence that he be placed on one year of community control and four years probation, with a five year suspended prison sentence. Doc. 25, Ex. B; doc. 25-2, p. 27. Petitioner was placed under oath. *Id.* Petitioner represented that he could read, and he said he read the plea agreement and went over it with his attorney, Ms. Hall, before he signed it. *Id.*, p. 28. He said that his attorney answered all of his questions, and he said he understood "everything in it," referring to the plea form. *Id.* Petitioner said that he understood that the charge was a third degree felony punishable by a sentence of 5 years in prison. *Id.* He said he understood that he was giving up a right to a jury trial, to call witnesses on his own behalf, to confront witnesses, and to remain silent about the offense. *Id.*, pp. 28-29. He denied that anyone had threatened him in any manner to get him to enter a plea. *Id.*, p. 29. He said he understood the "deal" and was satisfied with it. *Id.* He said he knew what a suspended sentence was, and described it to Judge Gary in the way set forth above. *Id.* The circuit judge then said that he had reviewed the affidavit in the file, found there to be a factual basis for the plea, and accepted the plea. *Id.*, p. 30.

      The essential premise of this claim of ineffective assistance of counsel is that Petitioner was innocent and unknowingly entered a no contest plea upon inadequate advice of counsel, or entered the plea involuntarily, having been forced by counsel to plead no contest. As noted above, the trial court's factual finding that Petitioner's plea was knowingly and voluntarily entered, with a full understanding of the consequences of the plea, is entitled to deference by this court, and the burden of proving error is upon Petitioner by clear and convincing evidence. The state court gave Petitioner and his attorney an opportunity to present evidence as to the knowing and voluntary nature of

his plea, but no evidence was presented. Since Petitioner failed to develop the facts to support this claim in the state court proceedings, he would have to meet the "stringent requirements" of § 2254(d)(2) before he would be entitled to an evidentiary hearing in this court. *See* Williams v. Taylor, 529 U.S. at 438, 120 S.Ct. at 1491 (discussing the statute). Further, in a post-conviction challenge to a guilty plea:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (citations omitted); *see also* United States v. Gonzalez-Mercado, 808 F.2d 796, 799-800 and n. 8 (11th Cir. 1987) (while not insurmountable, there is a strong presumption that statements made during a plea colloquy are true, citing Blackledge and other cases). Petitioner has not come forward with any evidence to defeat the factual finding of the state court. Ground one fails for this reason standing alone.

The claim fails on the merits as well. Petitioner's claim of innocence is entirely conclusory, without any specifics. More important, Petitioner has not alleged how his attorney knew that he was innocent, how his attorney forced him to plea no contest, and why Petitioner would not have complained about this to the circuit judge when he was asked whether there had been any threats to induce the plea. "Conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (drug quantity at sentencing, failure to allege specific facts), *quoting*, United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991) (same); Aldrich v.

Case No. 4:07cv1-MP/WCS

Wainwright, 777 F.2d 630, 636-37 (11th Cir. 1985), *cert. denied*, 479 U.S. 918 (1986) (defendant's conclusory allegations about the testimony of uncalled witnesses are insufficient to state a claim of ineffective assistance of counsel); Bolder v. Armontrout, 921 F.2d 1359, 1363-1364 (8th Cir. 1990), *cert. denied*, 502 U.S. 850 (1991); United States v. Vargas, 920 F.2d 167, 169-170 (2d Cir. 1990), *cert. denied*, 502 U.S. 826 (1991).  For these reasons, ground one affords no relief.

**Ground Two**

Petitioner alleges that he had a history of drug and alcohol abuse, had a mental disorder, and took psychotropic medications, including Celexa, Paxil, Prozac, Haldol, and Sinequan.  Doc. 9, p. 4.  He argues that his attorney "failed to seek mental health assistance and told petitioner not to say anything to the lower court concerning my mental health condition . . . ."  *Id.*, p. 6.  He claims that "[t]here was an overwhelming probability that, given the evidence of petitioner's mental health condition, no reasonable jury would have convicted petitioner."  *Id*.

This claim fails for the same two reasons as ground one.  First, it fails factually.  At the hearing on the motion to withdraw the plea, the state court reviewed the plea colloquy and reasoned that there was no evidence that Petitioner's plea was unknowingly entered due to mental illness.  The state court gave Petitioner a chance to present evidence, but he did not develop those facts at that hearing.  The state court's factual finding, that Petitioner's mental problems did not interfere with his understanding during the plea, is entitled to deference in this court.  Further, Petitioner has not adequately alleged a claim of ineffective assistance of counsel.  He has not set forth a compelling description of his mental condition at the time of the plea, and, more

important, he has not shown how his attorney should have known of these alleged mental problems. The allegations are insufficient. Thus, ground two affords no relief.

**Conclusion**

Accordingly, it is **RECOMMENDED** that 28 U.S.C. § 2254 petition for writ of habeas corpus, doc. 9, filed by Tony Bernard Robinson pursuant to 28 U.S.C. § 2254 challenging his conviction for aggravated stalking in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida, case number 04-605 CFA, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on April 14, 2008.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**